**In re Ralph L. JENKINS, Debtor.**

**Allyne Leigh JENKINS, Plaintiff,**

**v.**

**Ralph L. JENKINS, Defendant.**

Bankruptcy No. 95–71934.
Adv. No. 95–7177.

United States Bankruptcy Court,
C.D. Illinois.

Sept. 4, 1996.

Edward T. Graham, Jr., Taylorville, IL, for Allyne Jenkins.

Michael J. Logan, Springfield, IL, for Ralph Jenkins.

## *OPINION*

LARRY L. LESSEN, Bankruptcy Judge.

Before the Court is Count II of Plaintiff's Complaint, which seeks a determination that Debtor's obligation to Plaintiff under the terms of a Supplemental Judgment for Dissolution of Marriage is nondischargeable pursuant to § 523(a)(15) of the Bankruptcy Code. Count I of Plaintiff's Complaint, which sought a denial of Debtor's discharge pursuant to § 727 of the Bankruptcy Code, was withdrawn at the commencement of the trial in this matter.

Ralph L. Jenkins ("Debtor") and Allyne Leigh Jenkins ("Plaintiff") were married on March 19, 1990, and divorced on April 20, 1995. During the pendency of the dissolution proceedings, a Supplemental Judgment for Dissolution of Marriage was entered by the Circuit Court of Christian County, Illinois. The divorce court ordered Debtor to pay Plaintiff (i) $564.01 of Plaintiff's wages which Debtor converted after the parties' separation, (ii) $2,300.00 to equalize the asset distribution between the parties, and (iii) $2,500.00 for an apportionment of attorney fees and costs. At the time Debtor filed his voluntary petition herein on September 27, 1995, he had not made any of the ordered payments to Plaintiff set forth above. Plaintiff filed her Complaint herein on December 29, 1995, seeking a determination that these

obligations are nondischargeable pursuant to § 523(a)(15) of the Bankruptcy Code.

Section 523(a)(15) provides as follows:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(15) not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, a determination made in accordance with State or territorial law by a governmental unit unless—

(A) the debtor does not have the ability to pay such debt from income or property of the debtor not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor and, if the debtor is engaged in a business, for the payment of expenditures necessary for the continuation, preservation, and operation of such business; or

(B) discharging the debt would result in a benefit to the debtor that outweighs the detrimental consequences to a spouse, former spouse, or child of the debtor.

11 U.S.C. § 523(a)(15).

 The legislative history of § 523(a)(15) indicates that this relatively new subsection adds a new exception to discharge for some debts arising out of a divorce decree or separation agreement that are not in the nature of alimony, maintenance or support [which are and have been nondischargeable under § 523(a)(5) ]. It was acknowledged that, in some cases, divorcing spouses have agreed to make payments of marital debts, holding the other spouse harmless for those debts, in exchange for smaller alimony payments than would otherwise be required. In other cases, spouses have agreed to lower alimony based on a larger property settlement. Thus, if such "hold harmless" and property settlement obligations were not found to be in the nature of alimony, maintenance, or support, they would have been

dischargeable before the enactment of § 523(a)(15). This subsection now makes such obligations nondischargeable in instances where the debtor has the ability to repay them and the detriment to the non-debtor spouse from their nonpayment outweighs the benefit to the debtor of discharging the debts. Hence, the debt will remain dischargeable if payment of the debt would reduce the debtor's income below that necessary for the support of the debtor and the debtor's dependents. The debt will also be discharged if the benefit to the debtor of discharging it outweighs the harm to the obligee. 140 Cong.Rec. H10752, H10770 (daily ed. Oct. 4, 1994) (statement of Chairman Brooks).

 To prevail under § 523(a)(15), Plaintiff must establish that she has a claim against Debtor, other than the type set forth in § 523(a)(5), that was awarded by a court in the course of a divorce proceeding or separation. *In re Paneras,* 195 B.R. 395 (Bankr.N.D.Ill.1996) *citing In re Silvers,* 187 B.R. 648 (Bankr.W.D.Mo.1995). Once Plaintiff demonstrates this (and it is conceded in our case), the burden shifts to Debtor to show either (1) that he lacks the ability to pay the debt at issue, or (2) that the discharge would be more beneficial to Debtor than detrimental to Plaintiff. *Paneras, supra* at 403; *In re Hill,* 184 B.R. 750, 754 (Bankr.N.D.Ill.1995). The debt will remain dischargeable if paying the debt would reduce the Debtor's income below that necessary for the support of the Debtor and the Debtor's dependents. *Hill, supra* at 754. Because this language mirrors the disposable income test found in 11 U.S.C. § 1325(b)(2), most courts utilize an analysis similar to that used in determining disposable income in Chapter 13 cases. *Id.* at 755; *In re Smither,* 194 B.R. 102 (Bankr.W.D.Ky.1996); *In re Carroll,* 187 B.R. 197, 200 (Bankr.S.D.Ohio 1995); *In re Phillips,* 187 B.R. 363, 369 (Bankr.M.D.Fla.1995); *In re Hesson,* 190 B.R. 229, 237 (Bankr.D.Md.1995).

 Determining the dischargeability of debt under § 523(a)(15) requires the evaluation of three factors: (1) the debtor's ability to pay the subject debt, (2) the non-debtor

spouse's ability to pay the subject debt, and (3) the financial repercussions to the non-debtor spouse of discharging the debt. It is uniformly recognized that if the debtor is found to lack the ability to repay the subject debt, the inquiry ends at § 523(a)(15)(A) and the debt is deemed dischargeable. If, however, the debtor is found to have the ability to repay the subject debt, the inquiry proceeds to § 523(a)(15)(B) to consider the non-debtor spouse's ability to pay the subject debt. Generally, the non-debtor spouse's inability to repay the debt will be a necessary, but not always sufficient, condition for finding the debt nondischargeable. Because of the benefit of a discharge to the Debtor, there will be few situations in which a non-debtor spouse with the ability to repay the subject debt will prevail under § 523(a)(15). Yet, there are occasions, as will be seen below, where there would be virtually no benefit to the non-debtor spouse in finding the debt nondischargeable, even where the non-debtor spouse lacks the ability to repay the debt. On the other hand there are occasions where, for whatever reason, the non-debtor spouse's financial condition is so favorable that finding the subject debt dischargeable has virtually no negative impact on the non-debtor spouse's finances. These scenarios demonstrate the importance of the third factor set forth above—the effect on the non-debtor spouse's financial condition of discharging the debt—and show why the examination of the parties' respective ability to pay the subject debt is not, by itself, sufficient to make the determination of dischargeability under § 523(a)(15).

■ In this case, Debtor has been employed by the Illinois Department of Corrections for a number of years and currently earns a gross annual salary of slightly more than $30,000. Debtor is presently unmarried and his minor son from a previous marriage now resides with him. Debtor's Schedule I indicates that his income and necessary living expenses are almost equal. Overall, the household living expenses appear to be reasonable and this fact is largely conceded by Plaintiff. Although Plaintiff demonstrated at trial that Debtor's payroll deductions on his Schedule I are somewhat overstated and/or Debtor has substantially over-withheld cer-

tain items from his salary, Debtor asserts that his necessary expenses will likely increase substantially in the near future as a result of his son's sixteenth birthday, thereby offsetting any disposable income which might be realized by adjusting his payroll deductions. Debtor believes his son's car insurance will be costly, and that various other expenses that relate to having a sixteen year-old child are bound to arise.

While the Court accepts the argument that Debtor's expenses are likely to rise when his son turns sixteen, the Court nonetheless finds that Debtor has (and will have) some disposable income in his budget. In determining whether a debtor has the ability to pay a debt, the Court must consider not only whether the debtor could pay the debt in a lump sum, but also whether the debtor has the ability to pay the claim in installments over time from future income. *In re Taylor,* 191 B.R. 760, 767 (Bankr.N.D.Ill.1996). The aggregate amount claimed by Plaintiff in this proceeding is $5,364.01. With reasonable budgeting and conservative living, the Court concludes that Debtor has the ability to pay the debts at issue over a reasonable period of time.

■ Once it is has been determined that the Debtor has the ability to repay a debt under § 523(a)(15)(A), the Court must then apply § 523(a)(15)(B), which provides that the debt will be dischargeable if the benefit to Debtor of a discharge outweighs the detrimental consequences to the Plaintiff. Again, this Court believes that the best way to make this determination is through an examination of the non-debtor spouse's ability to repay the subject debt, and an evaluation of the effect of discharging the subject debt on the non-debtor spouse's financial condition. Factors to examine include, but are not limited to, the following: (i) the income and expenses of both parties, (ii) the number of dependents, (iii) the nature of the debts, (iv) the reaffirmation of any debts, and (v) the non-debtor spouse's ability to pay. *Hill, supra* at 756.

■ Debtor asserts that Plaintiff is underemployed and that she has the capacity to earn an income equal to his by working as a

surgical technician, as she has in the past. Plaintiff responds by stating that various circumstances, including geographical constraints and family concerns, prevent her from presently undertaking that type of employment.

The Court is concerned about the fact that Plaintiff does have much greater earning capacity and that she is voluntarily underemployed at this time. While the Court finds that Plaintiff may have valid reasons for not returning to the medical field, it has been held that where either a debtor or a creditor has voluntarily reduced their income, that voluntary reduction should be considered by the Court in making the evaluation under § 523(a)(15)(B). *See In re Smither, supra* at 111.

The nature of the debts and Debtor's income and expenses have been discussed above. Debtor appears to live a reasonably conservative lifestyle and has reaffirmed only one debt in his bankruptcy, and that is the lease on his truck. As for Plaintiff's income and expenses, her current state of affairs may be best described as financially oppressive. Plaintiff's daughter and grandson reside with Plaintiff. In addition to attending college full-time, Plaintiff's daughter is employed full-time and contributes toward the household expenses. Plaintiff operates a licensed day-care facility out of the home, and her net monthly income is $895 while her monthly expenses are in the vicinity of $1,469. Plaintiff owes $25,000 to various creditors, including $12,454 to People's Bank of Pana, which is the amount remaining due on a consolidation loan used to pay off the joint marital debts assigned to her. Clearly, the Plaintiff lacks the ability to repay the subject debt in this case.

However, under these circumstances, the effect on Plaintiff's financial condition of discharging the subject debt is minimal. Month after month, Plaintiff's household budget runs a deficit of hundreds of dollars. Meanwhile, Plaintiff carries (but, of course, is unable to service) a sizeable debt load of her own. In addition, the divorce court allocated to Debtor approximately $18,000 in joint debts, of which $12,000 remain due. Debtor's discharge will relieve him of those obli-

gations; however, as if things were not bad enough for Plaintiff, she will most likely be pursued in collection efforts by many of those creditors. Holding Debtor's $5,364.01 debt to Plaintiff nondischargeable would be too little too late to financially salvage Plaintiff. The effect of granting Plaintiff a judgment of nondischargeability against Debtor would be minimal, in part because the largest single component of the judgment would be $2,500 in attorney fees. Because Plaintiff is not currently paying that obligation herself, a judgment against Debtor in her favor would not improve her monthly financial deficit—its effect would be a virtual wash. Even if Plaintiff were awarded all she asks for in Count II of her Complaint, Plaintiff's budget indicates that she would continue to fall deeper and deeper in debt each month. This is one of the all-to-common instances in which "(a) discharge of debts by both parties strikes the Court as the most sensible solution to the combined problems of the Plaintiff and the Debtor." *In re Hill, supra* at 756. *See also In re Morris,* 193 B.R. 949, 954 (Bankr.N.D.Ill.1996); *In re Hesson, supra* at 240. Consequently, the Court finds that under § 523(a)(15)(B), the detriment to Plaintiff of discharging the debts does not exceed the benefit to Debtor.

For the reasons set forth above, Plaintiff has failed to satisfy the requisite elements of § 523(a)(15)(B) of the Bankruptcy Code. Accordingly, Count II of Plaintiff's Complaint is hereby denied, and Debtor's debt to Plaintiff of $5,364.01 pursuant to the Supplemental Judgment for Dissolution of Marriage is dischargeable in Debtor's bankruptcy.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order.

### ORDER

For the reasons set forth in an Opinion entered this day,

IT IS THEREFORE ORDERED that Debtor's obligation to Plaintiff of $5,364.01 be

and is hereby dischargeable in Debtor's bankruptcy.