**In re David E. GILPIN, Debtor.**

**Deborah L. Gilpin, Plaintiff,**

v.

**David E. Gilpin, Defendant.**

**Bankruptcy No. 02–72247.**

**Adversary No. 02–7160.**

United States Bankruptcy Court, C.D. Illinois.

Dec. 26, 2002.

William A. Krajec, Springfield, IL, for debtor.

## OPINION

LARRY L. LESSEN, Bankruptcy Judge.

This matter came before the Court for trial on December 16, 2002, on Plaintiff's Complaint to Determine Dischargeability of Debt. At issue is whether certain obligations of Debtor to Plaintiff arising out of their marital dissolution proceedings are subject to discharge under 11 U.S.C. § 523(a)(15).

On July 24, 2001, a Judgment of Dissolution of Marriage was entered by the Circuit Court of Macon County, Illinois, dissolving the marriage of Plaintiff and Debtor. The Judgment incorporated the parties' Property Settlement/Division Agreement, which provided that Plaintiff would be awarded various assets of the

marital estate, including, but not limited to (i) the equity value in the real property located at 1417 and 1421 W. Hewitt, Taylorville, Illinois, and (ii) the value of a life insurance policy. The testimony at trial indicated that Plaintiff was awarded $5,750 as her interest in marital real estate, $1,772 as her interest in certain collectibles, including a coin collection, and $3,464.97 as her interest in certain life insurance proceeds.

On May 24, 2002, Debtor filed his voluntary Chapter 7 Petition in Bankruptcy. On July 19, 2002, Mariann Pogge, Chapter 7 Trustee, filed her Report of Abandonment wherein she abandoned all property on Schedule A. On August 15, 2002, Plaintiff filed her adversary complaint pursuant to 11 U.S.C. § 523(a)(15). At trial, Plaintiff made a half-hearted assertion that the debt may well be nondischargeable under 11 U.S.C. § 523(a)(5) as alimony, maintenance, and/or support as well; however, this contention was never pled and there was and is nothing in the record to support a finding of nondischargeability under Section 523(a)(5). Consequently, this Opinion is hereinafter concerned only with address the dischargeability of the debt pursuant to Section 523(a)(15).

11 U.S.C. § 523(a)(15) provides in pertinent part as follows:

(a) A discharge under section 727... of this title does not discharge an individual debtor from any debt–

(15) not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record... unless–

(A) the debtor does not have the ability to pay such debt from income or property of the debtor not reasonably necessary to be expended for the

maintenance or support of the debtor or a dependent of the debtor...; or

(B) discharging the debt would result in a benefit to the debtor that outweighs the detrimental consequences to the spouse, former spouse, or child of the debtor(.)

 To prevail under § 523(a)(15), the debt in question must be other than the type set forth in § 523(a)(5), that was awarded by a court in the course of a divorce proceeding or separation. *In re Paneras,* 195 B.R. 395, 403 (Bankr.N.D.Ill. 1996) *citing In re Silvers,* 187 B.R. 648, 649 (Bankr.W.D.Mo.1995). Once this is established (and it is not disputed in our case), the burden of proving that the debt falls within either of the two exceptions to nondischargeability rests with the debtor. *In re Crosswhite,* 148 F.3d 879, 884–85 (7th Cir.1998). Hence, once the creditor's initial proof that the claim falls under Section 523(a)(15) of the Bankruptcy Code is made, the debt is excepted from discharge and the debtor is responsible for the debt unless the debtor can prove either of the two exceptions, subpart (A), the "ability to pay" test, or (B), the "detriment" test. *Id.,* 148 F.3d at 885.

 If the debtor can show the inability to pay the debt, the examination stops and the debtor prevails. The debt will remain dischargeable if paying the debt would reduce the debtor's income below that necessary for the support of the debtor and the debtor's dependents. *In re Hill,* 184 B.R. 750, 754 (Bankr.N.D.Ill. 1995). Because this language mirrors the disposable income test found in 11 U.S.C. § 1325(b)(2), most courts utilize an analysis similar to that used in determining disposable income in Chapter 13 cases. *Hill, supra* at 755; *In re Smither,* 194 B.R. 102, 108 (Bankr.W.D.Ky.1996); *In re Carroll,* 187 B.R. 197, 200 (Bankr.S.D.Ohio

1995); *In re Phillips*, 187 B.R. 363, 369 (Bankr.M.D.Fla.1995); *In re Hesson*, 190 B.R. 229, 237 (Bankr.D.Md.1995). However, if the debtor can afford to make the payment, either in a lump sum or in installments over time, then the inquiry proceeds to Section 523(a)(15)(B) where the debtor has the burden to show that the benefit to the debtor from not having to pay the debt at issue is greater than the detrimental effects on the creditor—his spouse, former spouse, or child—who then must pay the debt. *In re Crosswhite, supra,* 148 F.3d *at 885.*

■ This Court has previously concluded that determining the dischargeability of debt under § 523(a)(15) requires the evaluation of three factors: (1) the debtor's ability to pay the subject debt, (2) the non-debtor former spouse's ability to pay the subject debt, and (3) the financial repercussions to the non-debtor former spouse of discharging the debt. *In re Jenkins,* 202 B.R. 102, 104–05 (Bankr.C.D.Ill.1996). As indicated above, a finding that the debtor lacks the ability to repay the subject debt ends the inquiry with the first factor and the debt is deemed dischargeable. If, however, the debtor is found to have the ability to repay the subject debt, the inquiry proceeds to consider the second and third factors—the non-debtor former spouse's ability to pay the subject debt and the financial repercussions of leaving the non-debtor former spouse to do so.

■ Debtor unequivocally lacks the ability to pay the debt in question. His current monthly income consists entirely of $409.64 in retirement pay. Debtor is 59 years of age and is, therefore, not eligible for social security or to make withdrawals from his 401(k). Debtor was last employed on December 31, 1999. He is in chronically poor health and, consequently, has not been able to seek employment.

Debtor suffers from arthritis, arteriosclerosis, emphysema, and cancer. He has applied for social security disability but has not yet been approved.

Debtor's meager income exceeds his miserly expenses of $590.50 per month, which include nothing for transportation, home maintenance, clothing, or insurance of any kind. Debtor's penurious monthly expenditures include $200 for food, $10 for laundry and dry cleaning, and $42 for medical and dental expenses.

Plaintiff remonstrates that, in spite of his scant income, Debtor could pay his indebtedness to her from the value of his property. However, the appraisal evidence adduced at trial indicated that Debtor's homestead, which has been abandoned by the Trustee, is worth no more than $8,000. A "second house" owned by the Debtor—actually an asbestos-filled hovel with no plumbing or electricity—is essentially worthless. In addition, the coin collection, which Debtor had previously sold to his brother-in-law, was worth only about $3,000, exponentially less than the $16,000 which Plaintiff claims as its value.

■ As the Court has determined that Debtor lacks the ability to pay the subject indebtedness, the inquiry ends and the debt is deemed dischargeable. However, in this case, even if the Debtor were able, somehow, to pay the indebtedness, Plaintiff's complaint would fail under the balancing of equities inquiry of 11 U.S.C. § 523(a)(15)(B). Plaintiff is 51 years of age, has an associates degree in business, and is gainfully employed full-time as a paralegal where she earns $32,000 per year. The detrimental effect of requiring Debtor to repay the subject debt is manifestly more severe that the effect on Plaintiff of having the debt discharged.

For the reasons set forth above, the subject debt is dischargeable pursuant to 11 U.S.C. § 523(a)(15).

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order.