In re Kristine K. BUCHER, Debtor.

Bradley R. Bucher, Plaintiff,

v.

Kristine K. Bucher, Defendant.

Bankruptcy No. 02–73165.
Adversary No. 02–7221.

United States Bankruptcy Court,
C.D. Illinois.

Feb. 12, 2003.

James W. Ackerman, Springfield, IL, for debtor.

## OPINION

LARRY L. LESSEN, Bankruptcy Judge.

This matter came before the Court for trial on February 3, 2003, on Plaintiff's Complaint to Determine Dischargeability of Debt. At issue is whether certain obligations of the Debtor arising out of marital dissolution proceedings to pay certain joint debts of the parties and her obligation to indemnify Plaintiff and hold him harmless from said debts are subject to discharge under 11 U.S.C. § 523(a)(15).

Debtor and Plaintiff were married on June 11, 1988. Two children were born to the parties, one on September 29, 1993, and the other on September 29, 1995. On December 21, 2001, a Judgment of Dissolution of Marriage was entered by the Circuit Court of Sangamon County, Illinois, dissolving the marriage of Plaintiff and Debtor. Pursuant to the Judgment of Dissolution and other subsequent orders, Debtor was ordered to pay certain marital debts to certain creditors enumerated below. Debtor was further ordered to indemnify and hold harmless Plaintiff from the debts she was required to pay.

On July 26, 2002, Debtor filed her voluntary Chapter 7 Petition in Bankruptcy. On November 4, 2002, Plaintiff filed his two-count Complaint to Determine Dischargeability of Debt. Count I asserts the nondischargeability of debts in the following amounts to the following creditors which the divorce court ordered Debtor to pay directly to said creditors: $3,758.05 to Bank of Springfield, $810.42 to Conseco, $210.57 to Firestone, $634.18 to Lowe's, $1,582.11 to Leath's, and $7,443.09 to Mission Federal Credit Union. Plaintiff asserts that these debts now total approximately $16,294.42 and are nondischargeable under 11 U.S.C. § 523(a)(15). Count II of Plaintiff's Complaint asserts the nondischargeability of

the $3,758.05 debt to Bank of Springfield pursuant to 11 U.S.C. § 523(a)(2)(A). As there was no evidence presented at trial regarding this Count, the Court finds said debt to be dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A), and the remainder of this Opinion will focus on Count I of the Complaint and the allegation of nondischargeability pursuant to 11 U.S.C. § 523(a)(15).

11 U.S.C. § 523(a)(15) provides in pertinent part as follows:

(a) A discharge under section 727... of this title does not discharge an individual debtor from any debt–

(15) not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record... unless–

(A) the debtor does not have the ability to pay such debt from income or property of the debtor not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor...; or

(B) discharging the debt would result in a benefit to the debtor that outweighs the detrimental consequences to the spouse, former spouse, or child of the debtor(.)

To prevail under § 523(a)(15), the debt in question must be other than the type set forth in § 523(a)(5), that was awarded by a court in the course of a divorce proceeding or separation. *In re Paneras*, 195 B.R. 395, 403 (Bankr.N.D.Ill. 1996) *citing In re Silvers*, 187 B.R. 648, 649 (Bankr.W.D.Mo.1995). Once this is established (and it is not disputed in our case), the burden of proving that the debt falls within either of the two exceptions to nondischargeability rests with the debtor.

*In re Crosswhite,* 148 F.3d 879, 884–85 (7th Cir.1998). Hence, once the creditor's initial proof that the claim falls under Section 523(a)(15) of the Bankruptcy Code is made, the debt is excepted from discharge and the debtor is responsible for the debt unless the debtor can prove either of the two exceptions, subpart (A), the "ability to pay" test, or (B), the "detriment" test. *Id.,* 148 F.3d at 885.

■■■ If the debtor can show the inability to pay the debt, the examination stops and the debtor prevails. The debt will remain dischargeable if paying the debt would reduce the debtor's income below that necessary for the support of the debtor and the debtor's dependents. *In re Hill,* 184 B.R. 750, 754 (Bankr.N.D.Ill. 1995). Because this language mirrors the disposable income test found in 11 U.S.C. § 1325(b)(2), most courts utilize an analysis similar to that used in determining disposable income in Chapter 13 cases. *Hill, supra* at 755; *In re Smither,* 194 B.R. 102, 108 (Bankr.W.D.Ky.1996); *In re Carroll,* 187 B.R. 197, 200 (Bankr.S.D.Ohio 1995); *In re Phillips,* 187 B.R. 363, 369 (Bankr.M.D.Fla.1995); *In re Hesson,* 190 B.R. 229, 237 (Bankr.D.Md.1995). However, if the debtor can afford to make the payment, either in a lump sum or in installments over time, then the inquiry proceeds to Section 523(a)(15)(B) where the debtor has the burden to show that the benefit to the debtor from not having to pay the debt at issue is greater than the detrimental effects on the creditor–his spouse, former spouse, or child–who then must pay the debt. *In re Crosswhite, supra,* 148 F.3d at 885.

This Court has previously concluded that determining the dischargeability of debt under § 523(a)(15) requires the evaluation of three factors: (1) the debtor's ability to pay the subject debt, (2) the non-debtor former spouse's ability to pay the

subject debt, and (3) the financial repercussions to the non-debtor former spouse of discharging the debt. *In re Jenkins,* 202 B.R. 102, 104–05 (Bankr.C.D.Ill.1996). As indicated above, a finding that the debtor lacks the ability to repay the subject debt ends the inquiry with the first factor and the debt is deemed dischargeable. If, however, the debtor is found to have the ability to repay the subject debt, the inquiry proceeds to consider the second and third factors—the non-debtor former spouse's ability to pay the subject debt and the financial repercussions of leaving the non-debtor former spouse to do so.

■■■ Facially, Plaintiff's Complaint appeared meritorious as Debtor's Schedule I indicated that she was employed full-time and earning approximately $50,000 per year. However, the evidence adduced at trial indicated that Debtor's full-time·position was eliminated and she was re-hired into a similar position with less than full-time hours and a salary to match. Unfortunately for all, under her present circumstances, Debtor clearly lacks the ability to pay the debt in ·question. Her annual gross income is $29,071, with a monthly net of $1,848. Her monthly expenses include rent (in a shared home) of $500, car payment of $394, groceries of $300, clothing for herself and the parties' two children (Debtor has visitation rights during the school year and primary custody during the summer) of $100, car repairs of $75, gasoline of $100, medication/drug store items of $100, insurance (auto and rental) of $72, electricity of $50, school expenses of $40, grooming of $75, child support of $58.06, and tutoring of $40. These expenses total $1,904.06, which exceeds Debtor's monthly net income. · The above-enumerated expense total does not include lunches ($80), Debtor's payment of which was disputed at trial, nor does it include cell phone ($80), entertainment

($40), or retirement buy-back ($97.80), all, some, or none of which may be necessary living expenses.

The evidence adduced at trial does not indicate that Debtor is voluntarily under-employed, or that her living expenses are excessive. Rather, it simply appears that, primarily because of her income, Debtor lacks the ability to pay the subject debt, either in a lump sum or in installments.

As the Court has determined that the Debtor lacks the ability to pay the subject indebtedness, the inquiry ends and the debt is deemed dischargeable.

For the reasons set forth above, the subject debt is dischargeable pursuant to 11 U.S.C. § 523(a)(15).

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule. 7052 of the Rules of Bankruptcy Procedure.